

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FRENETTE LUBIN and
SHARON McGRUDER,

                Plaintiffs,

-against-

MAX SHALOM, STEVEN APUZZI LLC,
STEVEN APUZZI, 264 REALTY LLC, and
ABRO MANAGEMENT CORP.

                Defendants.

Civ. No. 06-6637 (BMC) (RLM)

**CONSENT ORDER**

---

      WHEREAS, Frenette Lubin ("Plaintiff Lubin") and Sharon McGruder ("Plaintiff McGruder") filed a complaint on December 14, 2006, which was amended on July 16, 2007 (the "Complaint"), alleging that Max Shalom, Steven Apuzzi LLC, Steven Apuzzi, 264 Realty LLC, and Abro Management Corp. ("Defendants") violated federal, state, and city fair housing laws by denying Plaintiff Lubin the opportunity to apply for an apartment because of her race, color, or national origin;

      WHEREAS, Plaintiff Lubin and Defendants wish to voluntarily resolve the claims raised in the Complaint, according to the terms set forth in this Consent Order, in order to avoid the cost and uncertainty of litigation;

      WHEREAS, Defendants deny that they have taken any action or committed any wrongdoing or discrimination which violates federal, state, or city fair housing laws;

WHEREAS, Plaintiff Lubin and Defendants hereby waive trial or evidentiary hearing, as well as the entry of findings of fact and conclusions of law, and have agreed to the entry of this Consent Order, as indicated by the signatures appearing below;

**IT IS HEREBY ORDERED** that:

## I. INJUNCTION

1. Max Shalom, all employees, real estate brokers and real estate salespersons of Steven Apuzzi LLC, Steven Apuzzi, all employees, agents, property managers and officers of 264 Realty LLC, and all property managers and officers of Abro Management Corp. are enjoined and restrained from discriminating against any persons on the basis of race, color, religion, sex or gender, familial status, national origin, disability, marital status, domestic partnership status, age, sexual orientation, alienage or citizenship status, lawful occupation, or military status in violation of the Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, the New York State Human Rights Law, New York Executive Law § 290 *et seq.*, and the New York City Human Rights Law, Title 8 of the New York City Administrative Code § 8-101 *et seq.*, in any manner, including without limitation: refusing to rent housing, refusing to permit persons to apply for the rental of housing, or otherwise making rental housing unavailable; or intentionally misrepresenting that rental housing is not available for rental or viewing.

## II. NON-DISCRIMINATION POLICY

2. Steven Apuzzi LLC, 264 Realty LLC and Abro Management Corp. each agree to adopt a non-discrimination policy which prohibits discrimination in housing in violation of the Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, the New York State Human Rights Law, New York Executive Law § 290

*et seq.*, and the New York City Human Rights Law, Title 8 of the New York City Administrative Code § 8-101 *et seq.* and is substantially similar to the non-discrimination policy attached hereto as Exhibit A (the "Policy" or "Policies").

3. Steven Apuzzi LLC agrees to post its Policy in Steven Apuzzi LLC's offices located at 381 Park Avenue South, Suite 1421, New York, New York 10016, and distribute its Policy to all of Steven Apuzzi LLC's employees, real estate brokers, and real estate salespersons.

4. 264 Realty LLC agrees to distribute its Policy to all of 264 Realty LLC's employees, agents, property managers, and all current and prospective tenants of a building or property owned in whole or in party by 264 Realty LLC.

5. Abro Management Corp. agrees to post its Policy in Abro Management Corp.'s offices located at 734 West Broadway, Woodmere, New York 11598, and distribute its Policy to all of Abro Management Corp.'s owners and property managers.

### III. PUBLIC NOTICE OF NON-DISCRIMINATION POLICY

6. Steven Apuzzi LLC, 264 Realty LLC and Abro Management Corp. agree to include the words "Equal Housing Opportunity" in a prominent and legible manner on all applications for rental housing and all advertising and promotional materials. The words "Equal Housing Opportunity" shall be included in any television or other media broadcast.

7. The U.S. Department of Housing and Urban Development fair housing poster shall be displayed where it is visible to members of the public who inquire about housing for rent in the offices of Steven Apuzzi LLC and Abro Management Corp. and also in the lobby or entryway of the property at 264 Avenue O, Brooklyn, New York.

## IV.   EDUCATIONAL PROGRAM

8. Defendants, without admitting any wrongdoing, agree to participate in an educational program intended to ensure that Defendants understand and implement the Policies, described above in Part II, that housing is to be rented in accordance with objective, non-discriminatory criteria (the "Educational Program").

9. The Educational Program(s) shall include: instruction on the requirements of all federal, New York State, and New York City fair housing laws; a review of the Policy described above in Part II; a discussion of the business advantages of serving all customers on a non-discriminatory basis; racial sensitivity training; and a question-and-answer session for purposes of reviewing these topics.

10. Pursuant to this Consent Order, the following persons shall be required to attend one (1) Educational Program as a necessary condition of their employment, agency, or practice: all employees, real estate brokers and real estate salespersons of Steven Apuzzi LLC; all employees, agents, property managers, and officers of 264 Realty LLC; and all property managers and officers of Abro Management Corp.

11. The Educational Program(s) shall be conducted by the Anti-Discrimination Center, with offices located at 377 Broadway, Ninth Floor, New York, New York, or by such person(s) or organization(s) that satisfies the approval process set out in Paragraph 12 of this Consent Order. Such training may be conducted at a mutually convenient location.

12. If Defendant(s) wish to have someone other than the Anti-Discrimination Center conduct the Educational Program(s), Defendant(s) shall be required to obtain Plaintiff Lubin's consent to the alternate training provider. Defendant(s) shall identify the alternate

training provider to Plaintiff Lubin at least thirty (30) days prior to the proposed Educational Program. Plaintiff Lubin shall have fifteen (15) days to object or consent to Defendant(s)' use of the alternate training provider, such consent not to be unreasonably withheld. Plaintiff Lubin's failure to respond to Defendant(s)' request for consent shall be deemed consent.

13. The Educational Program(s) shall be conducted at Defendants' expense.

14. The Educational Program(s) shall be conducted within ninety (90) days of the entry of this Consent Order.

## V. RENTAL PROCEDURES

15. Steven Apuzzi LLC shall provide applications to rent a unit of rental housing listed by Steven Apuzzi LLC to any prospective tenant who views that unit and requests an application, and shall permit any such person to submit an application to rent that unit.

16. 264 Realty LLC and Abro Management Corp. shall provide or require that persons or entities showing units of rental housing owned in whole or in part by 264 Realty LLC provide applications to rent that unit to each prospective tenant who views that unit and requests an application, and shall permit or require that any prospective tenant be permitted to submit an application to rent that unit.

## VI. RECORDKEEPING REQUIREMENTS

17. Steven Apuzzi LLC shall maintain records of all applications for rental housing listed with Steven Apuzzi LLC, including any documents collected from the prospective tenant in support of his or her application and any credit reports, for a period of not less than two (2) years and six (6) months.

18. 264 Realty LLC and/or Abro Management Corp. shall maintain records of all applications for rental housing owned in whole or in part by 264 Realty LLC, including any

documents collected from the prospective tenant in support of his or her application and any credit reports, for a period of not less than two (2) years and six (6) months.

19. Steven Apuzzi LLC shall maintain, on a daily basis, a rental application log, that sets forth the name of each applicant for rental housing listed with Steven Apuzzi LLC, whether the application for tenancy was approved or rejected, the building and unit number occupied for all approved applicants, and, for all rejected applications, a detailed explanation of the reason for the denial. The log described in this Paragraph 19 shall be maintained for a period of not less than two (2) years and six (6) months from the date of the last application logged.

20. For all rental units in housing owned in whole or in part by 264 Realty LLC and shown to a prospective tenant by a real estate salesperson or broker that is not an employee, property manager, or officer of 264 Realty LLC or Abro Management Corp., 264 Realty LLC and/or Abro Management Corp. shall maintain, on a daily basis, a log of rental applications received by 264 Realty LLC and/or Abro Management Corp. from such salesperson or broker that sets forth the name of each applicant, whether the application for tenancy was approved or rejected, the building and unit number occupied for all approved applicants, and, for all rejected applications, a complete explanation of the reason for the denial.

21. For all rental units in housing owned in whole or in part by 264 Realty LLC and shown to a prospective tenant by an employee, property manager, or officer of 264 Realty LLC or Abro Management Corp., 264 Realty LLC and/or Abro Management Corp. shall maintain, on a daily basis, a log that sets forth the name of each applicant for rental housing, whether the application for tenancy was approved or rejected, the building and unit number occupied for all approved applicants, and, for all rejected applications, a complete explanation of the reason for the denial.

## VII. DURATION

22. Unless specified otherwise, the provisions of this Consent Decree shall be valid and binding for a period of two (2) years.

## VIII. TIME FOR PERFORMANCE

23. Any time limits for performance imposed by this Consent Order may be extended by the mutual, written agreement of Plaintiff Lubin and Defendants.

## IX. MONETARY SETTLEMENT

24. Defendants shall pay Plaintiff Lubin the amounts set forth in Exhibit B, filed under seal pursuant to the Confidentiality Agreement ordered by the Court on June 28, 2007, effected through payment by check made out to "Frenette Lubin" in full settlement of Plaintiff Lubin's claim for damages, attorneys' fees and costs. Defendants shall tender this payment to Plaintiff Lubin's counsel, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, within five (5) business days from the entry of this Consent Order.

25. Defendants hereby represent that the amounts set forth in Exhibit B are held in escrow by Defendants' respective counsel as of the date of this Consent Order, or that a cashier's check made out to "Frenette Lubin" and redeemable by Plaintiff Lubin has been tendered to Defendants' respective counsel as of the date of this Consent Order.

26. Within three (3) days of the payment required by Paragraph 24, Plaintiff Lubin and Defendants will file a Stipulation of Dismissal with Prejudice of the Litigation in a form identical to that attached hereto as Exhibit C, providing for dismissal of all claims, defenses and counterclaims in this litigation.

27. Should the payment pursuant to this Consent Order not be tendered on the day that it is due, Defendants shall pay Plaintiff Lubin an additional $100 per day for each and

every day that the payment is late. In the event of a breach of this payment obligation, any non-breaching Defendant(s) shall not be obliged to pay any portion of any penalties which accrue.

## X. DISMISSAL OF COMPLAINT

28. The Complaint will be dismissed with regard to Plaintiff Lubin's claims pursuant to the Stipulation of Dismissal referenced in Paragraph 26.

## XI. ADMINISTRATION OF SETTLEMENT

29. The United States District Court for the Eastern District of New York shall retain jurisdiction to enforce the terms of this Consent Order upon the filing of an appropriate motion by either party. To the extent necessary to maintain the confidentiality of the information set forth in Exhibits B and D to this Consent Order, any such motion must be filed under seal pursuant to the Confidentiality Agreement ordered by the Court on June 28, 2007. This Consent Order shall be binding on Defendants and any of their employees, agents, representatives, officers, heirs, assigns, subsidiaries, or successors in interest, as well as on Plaintiff Lubin.

30. The parties to this Consent Order shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution.

## XII. COSTS OF LITIGATION

31. Each party to this Consent Order will bear its own costs and attorney fees incurred in this litigation.

## XIII. MUTUAL RELEASES

32. Upon satisfaction of the terms and conditions of Part IX of this Consent Order, Plaintiff Lubin hereby releases, acquits and forever discharges Defendants and their respective officers, managers, directors, employees and agents with prejudice and subject to this

Consent Order from any and all claims, demands, causes of action, or liabilities, at law or in equity, whether known or unknown, suspected or unsuspected, and existing as of the date of this Consent Order, related to the allegations made by Plaintiff Lubin in the Complaint.

33. Upon satisfaction of the terms and conditions of Part IX of this Consent Order, Defendants hereby release, acquit and forever discharge Plaintiff Lubin with prejudice and subject to this Consent Order from any and all claims, demands, causes of action, or liabilities, at law or in equity, whether known or unknown, suspected or unsuspected, and existing as of the date of this Consent Order, related to the allegations made by Plaintiff Lubin in the Complaint.

### XIV. SEVERABILITY

34. If any provision of this Consent Order is declared invalid or unenforceable by a court having competent jurisdiction, it is mutually agreed that this Consent Order shall endure except for the part declared invalid or unenforceable by order of such court, unless the elimination of the invalid provision shall materially affect the intent of this Consent Order. The parties shall consult and use their best efforts to agree upon a valid and enforceable provision that shall be a reasonable substitute for such invalid or unenforceable provision in light of the intent of this Consent Order.

### XV. OTHER OBLIGATIONS

35. Plaintiff Lubin agrees that she will comply with the obligations set forth in Exhibit D, which is filed under seal pursuant to the Confidentiality Agreement ordered by the Court on June 28, 2007.

36. Latham & Watkins LLP, 885 Third Avenue, New York, New York, attorneys for Plaintiff Lubin, shall, on behalf of Plaintiff Lubin, accept service of any subpoena or other legal process compelling her to provide testimony in this litigation.

## XVI. COUNTERPARTS

37. This Agreement may be executed in any number of counterparts and each such counterpart shall be deemed to be an original. For purposes of executing this Agreement, a document signed and transmitted by facsimile machine shall be treated as an original document. The signature of any party thereon shall be considered as an original signature, and the document transmitted shall be considered to have the same binding legal effect as an original signature on an original document.

Dated: November 6, 2007

| | |
|---|---|
| FRENETTE LUBIN, *Plaintiff* | LATHAM & WATKINS LLP |
| *[signature: Frenette Lubin]* | By: *[signature]* <br> Kurt M. Rogers (KR-4004) <br> Jason M. Casey (JC-8144) <br> Casey L. Hinkle (CH-4606) <br><br> 885 Third Avenue <br> New York, New York 10022-4802 <br> Telephone: (212) 906-1200 <br><br> *Attorneys for Plaintiff Frenette Lubin* |
| MAX SHALOM, *Defendant* | HUGHES HUBBARD & REED LLP |
| _____ | By: _____ <br> David W. Wiltenburg (DW-0489) <br><br> One Battery Park Plaza <br> New York, New York 10004 <br> Telephone: (212) 837-6000 <br><br> *Attorneys for Defendant Max Shalom* |
| STEVEN APUZZI LLC, *Defendant* | KOSSOFF & UNGER |
| By: _____ <br> Steven Apuzzi | By: _____ <br> Ramakdevi Chudasama (RC-7164) <br><br> 217 Broadway, Suite 401 <br> New York, New York 10007 <br> Telephone: (212) 267-6364 |
| STEVEN APUZZI, *Defendant* | |
| _____ | *Attorneys for Defendants Steven Apuzzi LLC and Steven Apuzzi* |
| 264 REALTY LLC, *Defendant* | GOLDBERG & CARLTON PLLC |
| By: _____ | By: _____ <br> Robert H. Goldberg (RG-8028) <br><br> 31 East 32nd Street <br> New York, New York 10016 <br> Telephone: (212) 683-9559 |
| ABRO MANAGEMENT CORP., *Defendant* | |
| By: _____ | *Attorneys for Defendants 264 Realty LLC and Abro Management Corp.* |

11

Dated: November 6, 2007

| | |
|---|---|
| FRENETTE LUBIN, *Plaintiff* | LATHAM & WATKINS LLP |
| _____ | By: _____<br>Kurt M. Rogers (KR-4004)<br>Jason M. Casey (JC-8144)<br>Casey L. Hinkle (CH-4606)<br><br>885 Third Avenue<br>New York, New York 10022-4802<br>Telephone: (212) 906-1200<br><br>*Attorneys for Plaintiff Frenette Lubin* |
| MAX SHALOM, *Defendant*<br>*[signature]* | HUGHES HUBBARD & REED LLP<br><br>By: *[signature]*<br>David W. Wiltenburg (DW-0489)<br><br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br><br>*Attorneys for Defendant Max Shalom* |
| STEVEN APUZZI LLC, *Defendant*<br><br>By: _____<br>Steven Apuzzi<br><br>STEVEN APUZZI, *Defendant*<br><br>By: _____ | KOSSOFF & UNGER<br><br>By: _____<br>Ranakdevi Chudasama (RC-7164)<br><br>217 Broadway, Suite 401<br>New York, New York 10007<br>Telephone: (212) 267-6364<br><br>*Attorneys for Defendants Steven Apuzzi LLC and Steven Apuzzi* |
| 264 REALTY LLC, *Defendant*<br><br>By: _____<br><br>ABRO MANAGEMENT CORP., *Defendant*<br><br>By: _____ | GOLDBERG & CARLTON PLLC<br><br>By: _____<br>Robert H. Goldberg (RG-8028)<br><br>31 East 32nd Street<br>New York, New York 10016<br>Telephone: (212) 683-9559<br><br>*Attorneys for Defendants 264 Realty LLC and Abro Management Corp.* |

Dated: November 6, 2007

| | |
|---|---|
| FRENETTE LUBIN, *Plaintiff* | LATHAM & WATKINS LLP |
| | By: _____ |
| _____ | Kurt M. Rogers (KR-4004)<br>Jason M. Casey (JC-8144)<br>Casey L. Hinkle (CH-4606) |
| | 885 Third Avenue<br>New York, New York 10022-4802<br>Telephone: (212) 906-1200 |
| | *Attorneys for Plaintiff Frenette Lubin* |
| MAX SHALOM, *Defendant* | HUGHES HUBBARD & REED LLP |
| | By: _____ |
| _____ | David W. Wiltenburg (DW-0489) |
| | One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000 |
| | *Attorneys for Defendant Max Shalom* |
| STEVEN APUZZI LLC, *Defendant* | KOSSOFF & UNGER |
| By: _____<br>Steven Apuzzi | By: _____<br>Ranakdevi Chudasama (RC-7164) |
| STEVEN APUZZI, *Defendant* | 217 Broadway, Suite 401<br>New York, New York 10007<br>Telephone: (212) 267-6364 |
| _____ | *Attorneys for Defendants Steven Apuzzi LLC and Steven Apuzzi* |
| 264 REALTY LLC, *Defendant* | GOLDBERG & CARLTON PLLC |
| By: _____ | By: _____<br>Robert H. Goldberg (RG-8028) |
| ABRO MANAGEMENT CORP., *Defendant* | 31 East 32nd Street<br>New York, New York 10016<br>Telephone: (212) 683-9559 |
| By: _____ | *Attorneys for Defendants 264 Realty LLC and Abro Management Corp.* |

Dated: November 6, 2007

| | |
|---|---|
| FRENETTE LUBIN, *Plaintiff* | LATHAM & WATKINS LLP |
| | By: _____<br>Kurt M. Rogers (KR-4004)<br>Jason M. Casey (JC-8144)<br>Casey L. Hinkle (CH-4606)<br><br>885 Third Avenue<br>New York, New York 10022-4802<br>Telephone: (212) 906-1200<br><br>*Attorneys for Plaintiff Frenette Lubin* |
| MAX SHALOM, *Defendant* | HUGHES HUBBARD & REED LLP |
| | By: _____<br>David W. Wiltenburg (DW-0489)<br><br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br><br>*Attorneys for Defendant Max Shalom* |
| STEVEN APUZZI LLC, *Defendant* | KOSSOFF & UNGER |
| By: _____<br>Steven Apuzzi | By: _____<br>Ranakdevi Chudasama (RC-7164)<br><br>217 Broadway, Suite 401<br>New York, New York 10007<br>Telephone: (212) 267-6364 |
| STEVEN APUZZI, *Defendant* | |
| | *Attorneys for Defendants Steven Apuzzi LLC and Steven Apuzzi* |
| 264 REALTY LLC, *Defendant*<br>By: _____<br>RICHARD SCHARF, AS MANAGER<br><br>ABRO MANAGEMENT CORP., *Defendant*<br>By: _____<br>RICHARD SCHARF, AS SHAREHOLDER & OFFICER | GOLDBERG & CARLTON PLLC<br>By: _____<br>Robert H. Goldberg (RG-8028)<br><br>31 East 32nd Street<br>New York, New York 10016<br>Telephone: (212) 683-9559<br><br>*Attorneys for Defendants 264 Realty LLC and Abro Management Corp.* |

11

It is so ORDERED this **14** day of **Nov**, 2007.

_____
COGAN, U.S.D.J.